UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOTERO MONTELLANO LOPEZ III,

    Plaintiff,

v.

    Case No. 24-cv-10802
    Honorable Linda V. Parker

ROBERT PALMER, JR., BOARD OF
GOVERNORS OF THE FEDERAL
RESERVE SYSTEM, and U.S.
DEPARTMENT OF THE TREASURY,

    Defendants.
_____/

## OPINION AND ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT AND AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS

On March 28, 2024, Plaintiff filed this lawsuit against Defendants and an application to proceed in forma pauperis ("IFP").

Starting with Plaintiff's IFP application, he fails to provide information to enable the Court to assess whether he is entitled to proceed IFP. (*See* ECF No. 2.) Plaintiff fails to answer questions inquiring about his gross wages, take home pay, any money in cash or a checking or savings account, or any other assets. Plaintiff is not required to divulge this information. However, if he declines to do so, he cannot proceed IFP.

Turning to Plaintiff's Complaint, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556).

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8.

First, Plaintiff indicates that federal jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332. (*See* ECF No. 1 at PageID. 1.) Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states . . . ." 28 U.S.C.

§ 1332(a).  Plaintiff and Defendant Palmer, however, appear to both be citizens of Michigan (*see* ECF No. 1 at PageID. 3), which defeats diversity jurisdiction.

While there may be jurisdiction because an agency of the United States is named as a defendant, *see* 28 U.S.C. § 1346, Plaintiff fails to provide "a short and plain statement" of the grounds on which any claim against the United States defendants is based.  In fact, as a general matter, Plaintiff's Complaint fails in this regard.  It is impossible for the Court to identify the relevant facts, time frame, what each defendant allegedly did wrong, or how the conduct is claimed to be unlawful.

Finally, it is unclear whether Plaintiff is an individual or corporation.  Corporations may not appear in federal court unless represented by a licensed attorney.  *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 1991) (while § 1654 allows for self-representation, it "does not permit plaintiffs to appear pro se where interests other than their own are at stake.").  Only a natural person may proceed pro se.  *Rowland*, 506 U.S. at 202.  Thus, absent counsel, Sotero Montellano Lopez III Corp. cannot prosecute this action.

Accordingly,

**IT IS ORDERED** that **within fourteen (14) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 or this action will be dismissed without prejudice. The amendment shall clarify the identity of Plaintiff. To the extent Plaintiff is a corporation, the amended complaint will be dismissed without prejudice unless it is prepared and filed by an attorney.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff wishes to proceed IFP, he shall file an amended IFP application **within fourteen (14) days** of this Opinion and Order. His failure to do so, or to pay the required filing fee of $405.00, will result in the dismissal of this action without prejudice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 5, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 5, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager