UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOTERO MONTELLANO LOPEZ III,

    Plaintiff,

v.

    Case No. 24-cv-10802
    Honorable Linda V. Parker

ROBERT PALMER, JR., et al.,

    Defendants.
_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, SUMMARILY DISMISSING AMENDED COMPLAINT, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMOVE DEFENDANTS

On March 28, 2024, Plaintiff filed this lawsuit against Defendants Robert Palmer, Jr., the Board of Governors of the Federal Reserve System, and the United States Department of Treasury. (ECF No. 1.) He also filed an application to proceed in forma pauperis ("IFP"). (ECF No. 2.) Because Plaintiff's IFP application was incomplete, the Court ordered him to file an amended application if he wished to proceed without paying the filing fee. (ECF No. 6.) Because Plaintiff's Complaint failed to demonstrate federal subject matter jurisdiction, the Court also ordered him to file an amended pleading. (*Id.*)

As the Court indicated in that April 5 opinion and order, there is no diversity of citizenship to satisfy 28 U.S.C. § 1332 because Plaintiff and Palmer are both

Michigan citizens.  The Court further observed that while Plaintiff names the Board of Governors of the Federal Reserve System and the U.S. Department of the Treasury as defendants, which possibly could support federal subject matter jurisdiction, the Complaint lacks sufficient factual allegations to believe that Plaintiff has a plausible claim against these federal entities.  The Court also noted that it was unclear from Plaintiff's pleading whether he was filing suit on his own behalf or on behalf of a corporate entity, which he is precluded from doing.

Plaintiff filed an Amended Complaint and an amended IFP application on April 16.  (ECF Nos. 7, 8.)  The Court is now satisfied that Plaintiff qualifies for IFP status and is, therefore, granting his application.  However, a basis for federal subject matter jurisdiction is not apparent even from Plaintiff's amended pleading.  As "federal courts are courts of limited jurisdiction[,]" *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978), a court must dismiss an action where federal subject matter jurisdiction is lacking, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

In his Amended Complaint, Plaintiff no longer names the Board of Governors of the Federal Reserve System or the U.S. Department of Treasury as defendants.  (*See* ECF No. 7 at PageID. 400.)  He does add JP Morgan Chase and Rhonda Nixon as defendants.  (*See id.*)  Palmer remains listed as a defendant and, therefore, federal subject matter jurisdiction cannot be premised on diversity of

citizenship. Plaintiff refers to the Constitution and certain federal statutes in his amended pleading; however, the alleged facts do not imply a cause of action under these potential sources of federal question jurisdiction, *see* 28 U.S.C. § 1332. The facts alleged support, at most, state law breach of contract or negligence claims.

In short, the Court finds no basis to exercise federal subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remove defendants is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 22, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 22, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager